ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on cross-motions for summary judgment by Plaintiff, Ryan Herzog (taxpayer), and Defendant, Department of Revenue (department). The tax years at issue are 2004, 2005, and 2006. (Ptf's Compl at 1; Def's Answer at 1.)
 II. STATEMENT OF FACTS
Taxpayer, at the time a Ph.D candidate, applied for and was awarded a Graduate Teaching Fellowship (GTF) at the University of Oregon during each of the 2003-04, 2004-05, 2005-06, and 2006-07 academic years. (Stip Facts at 1-2, ¶ 1.) GTFs were not required of students in taxpayer's degree program, nor were they required for the degree taxpayer received. (Stip Facts at 4, ¶ 12; Ex I at 3.)
Taxpayer began each GTF on September 16 and ended each GTF on June 15 of the corresponding academic year. (Stip Facts, Ex A at 9, 11, 13.) As a result of his GTFs, taxpayer *Page 2 
was required to fulfill teaching obligations set forth in each GTF contract.[1] (Stip Facts, Exs A at 9, 11, 13 and I at 6.) In return, taxpayer received a monthly salary, health insurance benefits, Graduate Teaching Fellows Federation (GTFF) membership opportunities, and a tuition waiver. (Stip Facts, Ex A at 9, 11, 13.) Taxpayer was also covered by workers' compensation insurance like all other University of Oregon employees. (Stip Facts, Ex I at 10.) Taxpayer reported the monthly salary he received as compensation for services on a W-2 form. (Stip Facts, Ex D-1.) Taxpayer also included his salary as taxable income on both his state and federal tax returns. (Stip Facts, Ex D-1.) Taxpayer did not present evidence indicating that compensation would have continued had he been unable to perform the teaching services outlined in each contract. In 2008, taxpayer became aware of a colleague's email in which Morgan Brown of the Oregon Department of Revenue stated that a GTF "does qualify as a scholarship award." (Stip Facts, Ex B at 1.) Based on that information, taxpayer filed amended Oregon income tax returns for 2004, 2005, and 2006, claiming a subtraction for the amount of GTF funds applied to housing expenses during the years at issue. (Stip Facts at 1, ¶¶ 1, 3.) Taxpayer did not claim federal qualified scholarship exclusions on his amended Oregon income tax returns. The department denied taxpayer's claims for the housing expense subtraction in tax years 2004, 2005, and 2006. (Ptf's Compl at 1, ¶ 1; Def's Answer at 1, ¶ 1.) Taxpayer appealed to the Magistrate Division.Herzog v. Dept. of Rev., TC-MD No 090627D (Dec 3, 2009). The Magistrate Division denied taxpayer's appeal, and taxpayer appealed to the Regular Division.[2] (Ptf's Compl at 1, ¶ 2.) *Page 3 
 II. ISSUE
Does ORS 316.846 affect the IRC section 117(c) limitation on qualified scholarship exclusions?[3]
 III. ANALYSIS
The Internal Revenue Code (IRC) allows taxpayers to exclude "qualified scholarships" from their taxable income. IRC § 117(a).[4] Under federal law, scholarships are "qualified" if used for tuition, fees, books, supplies, or equipment.[5]
IRC § 117(b). IRC section 117(c) limits the exclusion of "qualified scholarships," based on the source of funds stating that, "subsection[](a) * * * shall not apply to that portion of any amount received which represents payment for teaching, research or otherservices by the student required as a condition for receiving the qualified scholarship." IRC § 117(c)(1) (emphasis added).[5]
For purposes of determining taxable income, "the Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code * * * subject only to modifications specified in Oregon law." Ormsby v. Dept. ofRev., 18 OTR 146, 151 (citing ORS 316.007). Applying that principle in Oregon, qualified scholarships would only be excluded to the extent of IRC section 117 and, in particular, housing expenses would not be excluded. The Oregon legislature modified this outcome by permitting taxpayers, in the process of determining Oregon taxable income, to subtract from federal taxable income, scholarship funds spent on housing. ORS 316.846. ORS 316.846 provides, in relevant part: *Page 4 
 "(1) There shall be subtracted from federal taxable income amounts received from a scholarship awarded to the taxpayer * * * that are used for housing expenses of the scholarship recipient at the time the scholarship recipient is attending an accredited * * * university[.]"
ORS 316.846. Legislative history indicates that the purpose of enacting ORS 316.846 was solely to expand the federal scholarship exclusion for tuition, fees, books, supplies, and equipment to also include housing expenses. Jessica Harris, Legislative Assistant to Representative Lynn Lundquist and proponent of this bill, stated in her testimony that, under federal law "scholarships are not taxable as long as they do not exceed the cost of tuition and fees. This bill would simply add housing expenses to that list." Testimony, House Revenue Committee, HB 3497, Apr 29, 1999 (statement of Jessica Harris). One cannot conclude from a review of either the statutory language or legislative history that, in adopting ORS 316.846, the legislature intended to permit a subtraction from income for compensation for services.
The facts here show that the GTFs are compensatory in nature. Under federal law, with exceptions not relevant here, compensatory GTFs are not excludable. ORS 316.846 modifies the more restrictive federal list of permissible scholarship uses — it does not eliminate the IRC 117(c) limitation disqualifying compensatory payments from exclusion. Because ORS 316.846 does not affect the IRC 117(c) limitation under which these GTFs fall, taxpayer does not qualify for the additional subtraction. *Page 5 
 V. CONCLUSION
After reviewing the motions and being fully advised of the premises, the court finds that Plaintiff's motion should be denied and Defendant's cross-motion should be granted.
Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied.
IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is granted.
Dated this ___ day of August, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON AUGUST 17, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] One full-time employee (FTE) represents 1.0 FTE. (Stip Facts, Ex I at 6.) GTFs vary from .20 FTE to .49 FTE. (Id.) Greater time obligations are reflected by greater salaries. (Id.)
[2] Taxpayer does not make an estoppel claim against the department based on the email Morgan Brown, of the Oregon Department of Revenue, sent to taxpayer's colleague regarding whether a GTF qualifies as a scholarship for purposes of ORS 316.846.
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.
[4] Unless otherwise noted, all references to the Internal Revenue Code (IRC) are to 2006.
[5] Any excess or "unqualified" scholarship funds are included in taxable income. IRC § 117(b).